IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number    **17-21325**

Debtor#1:    **Dean R Pope**                    Last Four (4) Digits of SSN: **xxx-xx-9088**

Debtor#2:    **Christine Pope**                Last Four (4) Digits of SSN: **xxx-xx-8414**

Check if applicable    ☐ Amended Plan    ☐ Plan expected to be completed within the next 12 months

# CHAPTER 13 PLAN DATED    April 27, 2017
## COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of $ **1,400.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ | $ | $ |
| D#2 | $ **1,400.00** | $ | $ |

(Income attachments must be used by Debtors having attachable income)    (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $ **NONE**
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN:** no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS:**
  i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii. The original plan term has been extended by ___ months for a total of ___ months from the original plan filing date;
  iii. The payment shall be changed effective ___.
  iv. The Debtor(s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $___ from the sale of this property (describe)___. All sales shall be completed by ___. Lump sum payments shall be received by the Trustee as follows:___.
Other payments from any source (describe specifically)___ shall be received by the Trustee as follows:___.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

| | |
|---|---|
| *Level One:* | Unpaid filing fees. |
| *Level Two:* | Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate protection payments. |
| *Level Three:* | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims. |
| *Level Four:* | Priority Domestic Support Obligations. |
| *Level Five:* | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| *Level Six:* | All remaining secured, priority and specially classified claims, miscellaneous secured arrears. |
| *Level Seven:* | Allowed general unsecured claims. |
| *Level Eight:* | Untimely filed unsecured claims for which the debtor has not lodged an objection. |

**1.    UNPAID FILING FEES ____**

Filing fees: the balance of $ **0.00** shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b, or 8b.*
Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326(a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3.(a)   LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **Carrington Mortgage Se 7000083566** | Residence 260 Mohawk Dr McKeesport, PA 15135  Allegheny County | 725.00 | 0.00 |

3.(b) *Long term debt claims secured by PERSONAL property entitled to §1326(a)(1)(C) preconfirmation adequate protection payments:*

| **-NONE-** | | | |
|---|---|---|---|

**4.   SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

*4.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

4(b) *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

**5.   SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

*5.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **Credit Acceptance** | 2007 Nissan Titan | 6,285.22 | 4.25% | 116.46 |
| **Gm Financial** | 2007 Lincoln MK2 | 4,760.70 | 4.25% | 88.21 |

*5.(b) Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6.   SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

| Name the Creditor and identify the collateral with specificity. |
|---|

| |
|---|
| **Ohio Auto Loans**<br>**2005 BMW 3-Series 125,000 miles**<br>**Location: 260 Mohawk Dr, McKeesport PA 15135** |
| Name the Creditor and identify the collateral with specificity. |
| **Onemain**<br>**2005 Jeep Liberty 150,000 miles**<br>**Location: 260 Mohawk Dr, McKeesport PA 15135** |

7. **THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| |
|---|
| Name the Creditor and identify the collateral with specificity. |
| **-NONE-** |

8. **LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

*8.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **-NONE-** | | | |

*8.(b) Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **-NONE-** | | | |

9. **SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest* | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

   * *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

10. **PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**

If the Debtor(s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐ As to "Name of Creditor," specify the actual payee, e.g. PA SCUDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly payment or Prorata |
|---|---|---|---|
| **-NONE-** | | | |

11. **PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| **-NONE-** | | | | |

12. **ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
   b. Attorney fees are payable to __Lawrence W Willis Esq 85299__. In addition to a retainer of $__799.00__ already paid by or on behalf of the Debtor, the amount of $__3,201.00__ is to be paid at the rate of $__320.10__ per month. Including any retainer paid, a total of $__0.00__ has been approved pursuant to a fee application. An additional $__0.00__ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13.    OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| **Internal Revenue Service** | **8,000.00** | **0%** | **Sec. 507(a)(8)** |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits.  The claim payment will not change for the life of the plan.  Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan.  These payments may not resolve all of the post-petition claims of the utility.  The utility may require additional funds from the Debtor(s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
| **-NONE-** | | |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of $ **9,334.00**  will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of $ **0.00**  shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation.  The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **100** %. The percentage of payment may change, based upon the total amount of allowed claims.  Late-filed claims will not be paid unless all timely filed claims have been paid in full.  Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within (30) days of filing the claim.  Creditors not specifically identified in Parts 1-15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor(s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

      The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004.  Proofs of claim by the Trustee will not be required.  The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim.  If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor(s) and Debtor(s)' counsel have been given notice and an opportunity to object.  The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

      Any  Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

      Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor(s) in the event they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

      Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date.  LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

| | |
|---|---|
| Attorney Signature | **/s/ Lawrence W Willis Esq** |
| Attorney Name and Pa. ID # | **Lawrence W Willis Esq 85299 85299** |
| Attorney Address and Phone | **201 Penn Center<br>Suite 470<br>Pittsburgh, PA 15235<br>412-235-1721** |
| Debtor Signature | **/s/ Dean R Pope** |
| Debtor Signature | **/s/ Christine Pope** |

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 17-21325-CMB
Dean R Pope                                                     Chapter 13
Christine Pope
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: gamr              Page 1 of 2              Date Rcvd: May 01, 2017
                              Form ID: pdf900         Total Noticed: 34
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 03, 2017.
```
db/jdb         +Dean R Pope,    Christine Pope,    260 Mohawk Dr,    McKeesport, PA 15135-3124
cr             +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
14394383       +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14400423       +AmeriCredit Financial Services, Inc. dba GM Financ,     P O Box 183853,
                 Arlington, TX 76096-3853
14394392       +Bankamerica,    4909 Savarese Cir,    Tampa, FL 33634-2413
14394394      ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Capital One Bank Usa N,     15000 Capital One Dr,
                 Richmond, VA 23238)
14394393       +Cap One,   26525 N Riverwoods Blvd,     Mettawa, IL 60045-3440
14394396       +Carrington Mortgage Se,    1600 S Douglass Rd Ste 2,    Anaheim, CA 92806-5951
14394399       +Clear Spring Loan Serv,    18451 N Dallas Pkwy Ste,    Dallas, TX 75287-5202
14413621       +Comcast Cable,    PO Box 3005,    Southeastern, PA 19398-3005
14395267       +Credit Acceptance,     25505 W.12 Mile Rd.,    Suite 3000,    Southfield, MI 48034-8331
14394400       +Credit Acceptance,    Po Box 513,    Southfield, MI 48037-0513
14394403       +Dsnb Macys,    9111 Duke Blvd,    Mason, OH 45040-8999
14394405       +First Premier Bank,    601 S Minnesota Ave,    Sioux Falls, SD 57104-4868
14394406       +Gm Financial,    Po Box 181145,    Arlington, TX 76096-1145
14394407       +Homeward Residential,    1525 S Belt Line Rd,    Coppell, TX 75019-4913
14394411       +Midland Funding,    2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
14394413       +Midnight Velvet,    1112 7th Ave,    Monroe, WI 53566-1364
14394414       +Midwest Recovery Syste,    2747 W Clay Street,    Saint Charles, MO 63301-2557
14413635       +Ohio Auto Loans,    1039 Boardman Porland Road,    Youngstown, OH 44514-1929
14394419       +Td Auto Finance,    Po Box 9223,    Farmington, MI 48333-9223
14394420        Thinkcashfbd,    Brandywine Commons Ii,    Wilmington, DE 19803
14394421       +Verizon Wireless,    Po Box 49,    Lakeland, FL 33802-0049
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14394397       +E-mail/Text: bankruptcy@cavps.com May 02 2017 03:28:01      Cavalry Portfolio Serv,
                 Po Box 27288,    Tempe, AZ 85285-7288
14394398       +E-mail/Text: draible@chfcu.org May 02 2017 03:28:04      Century Heritage Fcu,    9 S 2nd St,
                 Duquesne, PA 15110-1147
14394401       +E-mail/Text: creditonebknotifications@resurgent.com May 02 2017 03:27:05      Credit One Bank Na,
                 Po Box 98875,    Las Vegas, NV 89193-8875
14394404       +E-mail/Text: bknotice@erccollections.com May 02 2017 03:27:49      Enhanced Recovery Co L,
                 8014 Bayberry Rd,    Jacksonville, FL 32256-7412
14413628        E-mail/Text: cio.bncmail@irs.gov May 02 2017 03:27:14      Internal Revenue Service,
                 Insolvency Unit,    PO Box 628,    Pittsburgh, PA 15230
14394408        E-mail/Text: JCAP_BNC_Notices@jcap.com May 02 2017 03:27:57      Jefferson Capital Syst,
                 16 Mcleland Rd,    Saint Cloud, MN 56303
14394409       +E-mail/Text: processing@keybridgemed.com May 02 2017 03:28:08      Key Bridge,
                 2348 Baton Rouge,    Lima, OH 45805-1167
14394415       +E-mail/PDF: cbp@onemainfinancial.com May 02 2017 03:20:21      Onemain Fi,    6801 Colwell Blvd,
                 Irving, TX 75039-3198
14394417       +E-mail/Text: cfranzi@pghcentral.com May 02 2017 03:28:14      Pittsburgh Central Fcu,
                 2601 Wexford Bayne Rd,    Sewickley, PA 15143-4029
14394418       +E-mail/PDF: gecsedi@recoverycorp.com May 02 2017 03:20:23      Syncb/jcp,    Po Box 965007,
                 Orlando, FL 32896-5007
14394422       +E-mail/Text: bnc-bluestem@quantum3group.com May 02 2017 03:28:14      Webbank/fingerhut,
                 6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                               TOTAL: 11
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Wilmington Savings Fund Society, FSB, as trustee o
14394388*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394389*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394390*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394391*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394384*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394385*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394386*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394387*      +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw, GA 30144-3672
14394395*     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Capital One Bank Usa N,     15000 Capital One Dr,
                 Richmond, VA 23238)
14413617*     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Capital One Bank Usa N,     15000 Capital One Dr,
                 Richmond, VA 23238)
14413618*      +Carrington Mortgage Se,    1600 S Douglass Rd Ste 2,    Anaheim, CA 92806-5951
14413619*      +Cavalry Portfolio Serv,    Po Box 27288,    Tempe, AZ 85285-7288
14413620*      +Clear Spring Loan Serv,    18451 N Dallas Pkwy Ste,    Dallas, TX 75287-5202
14413622*      +Credit Acceptance,    Po Box 513,    Southfield, MI 48037-0513
```

```
District/off: 0315-2         User: gamr              Page 2 of 2             Date Rcvd: May 01, 2017
                             Form ID: pdf900         Total Noticed: 34


              ***** BYPASSED RECIPIENTS (continued) *****
14394402*       +Credit One Bank Na,    Po Box 98875,    Las Vegas, NV 89193-8875
14413623*       +Credit One Bank Na,    Po Box 98875,    Las Vegas, NV 89193-8875
14413624*       +Enhanced Recovery Co L,    8014 Bayberry Rd,    Jacksonville, FL 32256-7412
14413625*       +First Premier Bank,    601 S Minnesota Ave,    Sioux Falls, SD 57104-4868
14413626*       +Gm Financial,    Po Box 181145,    Arlington, TX 76096-1145
14413627*       +Internal Revenue Service,    Insolvency Unit,    PO Box 7346,    Philadelphia, PA 19101-7346
14413629*       +Internal Revenue Service,    William S. Moorehead Federal Building,    1000 Liberty Avenue,
                  Room 727,    Pittsburgh, PA 15222-4107
14413630*      ++JEFFERSON CAPITAL SYSTEMS LLC,    PO BOX 7999,    SAINT CLOUD MN 56302-7999
                 (address filed with court: Jefferson Capital Syst,    16 Mceland Rd,    Saint Cloud, MN 56303)
14394410*       +Key Bridge,    2348 Baton Rouge,    Lima, OH 45805-1167
14413631*       +Key Bridge,    2348 Baton Rouge,    Lima, OH 45805-1167
14394412*       +Midland Funding,    2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
14413632*       +Midland Funding,    2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
14413633*       +Midnight Velvet,    1112 7th Ave,    Monroe, WI 53566-1364
14413634*       +Midwest Recovery Syste,    2747 W Clay Street,    Saint Charles, MO 63301-2557
14394416*       +Onemain Fi,    6801 Colwell Blvd,    Irving, TX 75039-3198
14413636*       +Onemain Fi,    6801 Colwell Blvd,    Irving, TX 75039-3198
14413637*       +Verizon Wireless,    Po Box 49,    Lakeland, FL 33802-0049
14413638*       +Webbank/fingerhut,    6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                    TOTALS: 1, * 32, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 30, 2017 at the address(es) listed below:
              James  Warmbrodt     on behalf of Creditor    Wilmington Savings Fund Society, FSB, as trustee of
               Stanwich Mortgage Loan Trust A bkgroup@kmllawgroup.com
              Lawrence W. Willis     on behalf of Joint Debtor Christine  Pope help@urfreshstrt.com,
               urfreshstrt@gmail.com
              Lawrence W. Willis     on behalf of Debtor Dean R Pope help@urfreshstrt.com,   urfreshstrt@gmail.com
              Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
              S. James Wallace     on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 6
```